# JONES DAY

110 NORTH WACKER DRIVE  •  SUITE 4800  •  CHICAGO, ILLINOIS  60606

TELEPHONE: +1.312.782.3939 • JONESDAY.COM

Direct Number:  +1.312.269.1572
SMAYERGOYZ@JONESDAY.COM

October 18, 2024

Jarrett B. Perlow, Circuit Executive & Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Re:     Rule 28(j) Notice for Delivery to Panel Assigned to: *US Patent No. 7,679,637 LLC v. Google LLC*, No. 24-1520 (oral argument not yet scheduled)

Dear Mr. Perlow:

After Google submitted its response brief, this Court decided *Contour IP Holding LLC v. GoPro, Inc.*, 113 F.4th 1373 (Fed. Cir. 2024), holding the patent claims were subject-matter eligible under Section 101, and Plaintiff (US Patent No. 7,679,637 LLC) extensively cited *Contour* in its reply.  Dkt.20 ("GBr.") at 1, 3-12, 17, 21, 24.  *Contour* is inapposite.

The *Contour* patent related to handsfree, portable point-of-view ("POV") cameras "configured for remote image acquisition control and viewing," and claimed "dual recording" via high-quality and low-quality data streams sent between a POV camera and a portable device. 113 F.4th at 1375-77.  The high-quality stream "is saved on the camera for later viewing," and the low-quality stream permits users to "see real time progress on the remote device and make [camera] adjustments accordingly."  *Id.* at 1376.  The claims as construed require parallel recording of the two data streams.  *Id.* at 1377.  This Court held the claims were not directed to an abstract idea because they "require specific, technological means—parallel data stream recording with the low-quality recording wirelessly transferred to a remote device—that in turn provide a technological improvement to the real time viewing capabilities of a POV camera's recordings on a remote device."  *Id.* at 1379.

*Contour* is inapplicable for numerous reasons, including:

- There was no forfeiture in *Contour*, whereas here Plaintiff repeatedly forfeited its appellate arguments.  Dkt.19 ("RBr.") at 32-33, 43-47.

- Unlike the "specific, technological means" in *Contour*, 113 F.4th at 1379, Plaintiff's claims generically recite "arrang[ing]" applications to "present[]," "share," and "observ[e]" data, without providing a specific, technical solution to web conferencing.  RBr.17-22; GBr.10-12.

- Plaintiff's patent admits that it applies longstanding recording techniques to web conferencing.  RBr.22-23, 40-42.  No such admission occurred in *Contour*.

JONES DAY

Jarrett B. Perlow, Circuit Executive & Clerk of Court
October 18, 2024
Page 2

- The *Contour* claims "enable[d] the claimed POV camera to 'operate differently than it otherwise could.'" 113 F.4th at 1380. Here, Plaintiff's patent admits that it recites well-known, conventional computer components to claim an expected result. RBr.27-31.

- *Contour* involved claim construction that impacted the Section 101 analysis. 114 F.4th at 1379-80. Here, Plaintiff fails to identify any claim-construction issue that would affect the inquiry. RBr.47; GBr.23-24.

Respectfully submitted,

*/s/ I. Sasha Mayergoyz*
I. Sasha Mayergoyz

cc: Counsel of Record via CM/ECF