

**GLOBAL IP LAW GROUP, LLC**
55 W MONROE STREET
SUITE 3400
CHICAGO, IL 60603

312.241.1500

GIPLG.COM

**October 22, 2024**

David Berten
dberten@giplg.com
312.245.1502 (Direct)

Jarrett B. Perlow, Circuit Executive & Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

> Re:     Response to Rule 28(j) Notice for Delivery to Panel Assigned to: *US Patent No.*
> *7,679,637 LLC v. Google LLC*, No. 24-1520 (oral argument not yet scheduled)

Dear Mr. Perlow:

By filing a Rule 28(j) letter, Google admits that *Contour* is pertinent and significant to this case. Google's attempts to distinguish *Contour* should be rejected.

Google says nothing about *Contour's* key holding: Contour's claims were not directed to an abstract idea of "creating and transmitting video (at two different resolutions) and adjusting the video's settings remotely" because that formulation was "untethered" to claim language and characterized "the claims at an impermissibly high level of generality." Here, the district court's characterization of the claims as "playing back recording content" is more untethered, and more generalized, than Contour's formulation.  Google is silent on its own proposed reformulation of the district court's abstract idea on appeal (which still does not follow *Contour*), a tacit admission given that Google is appellee.

Google argues that Contour recited "specific, technological means" while saying patentee provided "no specific, technical solution."  Contour's "specific, technological means" was:

> "parallel data stream recording with the low-quality recording wirelessly transferred to a remote device—that in turn provide a technological improvement to the real time viewing capabilities of a POV camera's recordings…"

113 F.4th at 1379. Google quotes *Contour's* finding that its claims "enable[d] the claimed POV camera to 'operate differently than it otherwise could'" but omits that this occurred:

> "by both recording multiple video streams in parallel and wirelessly transferring only one video stream, a lower quality stream, to a remote device."

*Id*. at 1380. Google does not deny that patentee's claims require simultaneous recording of at least two different datastreams from the same live-streaming event, followed by the ability to playback select datastreams while the live event is recorded such that the user can simultaneously view the live event and recorded parts. *Contour* is indistinguishable.



Google cites no evidence that web conferencing operated as claimed before patentee's invention. Applying longstanding recording techniques does not render claims ineligible.  *Cf. Contour* BBr. 3-5; *GoPro* RBr. 25 ("Contour does not suggest that its invention is a novel way of generating streams of video.") Contour agreed its components were generic and conventional. *Contour* BBr. 45 ("nothing wrong with [] generically reciting individual camera components").


Respectfully submitted,

*/s/ David Berten*
David Berten

cc: Counsel of Record via CM/ECF